

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

FILED

MA... 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| DIRECTV, Inc., | ] | |
| Plaintiff, | ] | |
| v. | ] | Case No. 04 CV 0675 |
| | ] | |
| JEFFREY ALTER, | ] | |
| | ] | |
| Defendants. | ] | Magistrate Judge Keys |

## ANSWER OF JEFFREY ALTER
## TO PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES the **Defendant**, **JEFFREY ALTER**, by and through his attorneys, **TODD C. LYSTER & ASSOCIATES**, and as his **Answer to the Plaintiff's Original Complaint**, responds as follows:

### I. PRELIMINARY STATEMENT

1.  The Defendant does not have sufficient information to form a belief as to the truthfulness of the allegations contained in Paragraph 1 and therefore denies said allegations.

### II. FACTS REGARDING DIRECTV'S BUSINESS OPERATIONS & SUPPORTING SATELLITE PIRACY CLAIMS

2.  Admits the allegations contained in Paragraph 2.
3.  Admits the allegations contained in Paragraph 3.
4.  Admits the allegations contained in Paragraph 4.
5.  The Defendant does not have sufficient information to form a belief as to the truthfulness of the allegations contained in Paragraph 5 and therefore denies said allegations.



DOCKETED

MAR 1 2 2004

6.    Admits that the Defendant is the resident of the state of Illinois. Denies all other allegations contained in Paragraph 6.

7.    The Defendant does not have sufficient information to form a belief as to the truthfulness of the allegations contained in Paragraph 7 and therefore denies said allegations.

8.    The Defendant does not have sufficient information to form a belief as to the truthfulness of the allegations contained in Paragraph 8 and therefore denies said allegations.

9.    The Defendant does not have sufficient information to form a belief as to the truthfulness of the allegations contained in Paragraph 9 and therefore denies said allegations.

10.   Denies the allegations contained in Paragraph 10.

### III. JURISDICTION

11.   The Defendant, **JEFFREY ALTER**, hereby incorporates by reference his responses to Paragraphs 1 through 10 of the Plaintiff's Original Complaint as if fully set forth herein.

12.   Admits the allegations contained in Paragraph 12.

13.   Denies the allegations contained in Paragraph 13.

### IV. VENUE

14.   The Defendant, **JEFFREY ALTER**, hereby incorporates by reference the foregoing paragraphs of the Plaintiff's Original Complaint as if fully set forth herein.

15.   Admits that venue is proper in the United States District Court for the Northern District of Illinois; Defendant denies all other allegations contained in Paragraph 16.

### V. PARTIES

16.   Defendant, **JEFFREY ALTER**, hereby incorporates by reference the foregoing

paragraphs of his Answer as if fully set forth herein.

17. Admits the allegations contained in Paragraph 17.

18. The Defendant does not have sufficient information to form a belief as to the truthfulness of the allegations contained in Paragraph 18 and therefore denies said allegations.

19. The Defendant does not have sufficient information to form a belief as to the truthfulness of the allegations contained in Paragraph 19 and therefore denies said allegations.

20. Admits that the Defendant resides and/or conducts business in Cook County, Justice, Illinois. Denies each and every allegation contained in Paragraph 20.

21. Admits the allegations contained in Paragraph 21.

22. Denies the allegations contained in Paragraph 22.

23. Denies the allegations contained in Paragraph 23.

## VI. DISCOVERY OF ILLEGAL CONDUCT

24. The Defendant does not have sufficient information to form a belief as to the truthfulness of the allegations contained in Paragraph 24 and therefore denies said allegations.

25. The Defendant does not have sufficient information to form a belief as to the truthfulness of the allegations contained in Paragraph 25 and therefore denies said allegations.

## VII. CAUSES OF ACTION

### Count 1 - Damages for Violations of Cable Communications Policy Act
### (47 U.S.C. Paragraph 605 (e)(3)(C))

26. Defendant, **JEFFREY ALTER**, hereby incorporates by reference the foregoing Paragraphs of his Answer to Plaintiff's Original Complaint as if fully set forth herein.

27. Denies all allegations contained in Paragraph 27.

28. Denies each and every allegation contained in Paragraph 28.

29. Denies all allegations contained in Paragraph 29.

30. Denies all allegations contained in Paragraph 30.

31. Denies all allegations contained in Paragraph 31.

## Count 2- Damages for Violations of 18 U.S.C. Paragraph 2511

32. Defendant, **JEFFREY ALTER**, realleges the allegations contained in the foregoing paragraphs of his Answer to the Plaintiff's Original Complaint and incorporates said responses as if fully set forth herein.

33. Denies each and every allegation contained in Paragraph 33.

34. The Defendant does not have sufficient information to form a belief as to the truthfulness of the allegations contained in Paragraph 34 and therefore denies said allegations.

35. Denies all allegations contained in Paragraph 35.

## Count 4 - Damages of Willful Assembly or Modification
## of Devices or Equipment
## (47 U.S.C. Paragraph 605 (e)(4))

36. Defendant, **JEFFREY ALTER**, realleges and incorporates by reference the responses contained in the foregoing paragraphs of his Answer to the Plaintiff's Original Complaint as if fully set forth herein.

37. Denies each and every allegation contained in Paragraph 37.

38. Denies each and every allegation contained in Paragraph 38.

39. Denies each and every allegation contained in Paragraph 39.

## Count 5 - Civil Conversion

40. Defendant, **JEFFREY ALTER**, hereby incorporates by reference the foregoing Paragraphs of his Answer to the Plaintiff's Original Complaint as if fully set forth herein.

**41.**    Denies each and every allegation contained in Paragraph 41.

**42.**    Denies each and every allegation contained in Paragraph 42.

**43.**    Denies each and every allegation contained in Paragraph 43.

## VIII. REQUEST FOR INJUNCTIVE RELIEF

**44.**    Defendant, **JEFFREY ALTER**, realleges and incorporates the responses contained in the foregoing Paragraphs of his Answer to the Plaintiff's Original Complaint as if fully set forth herein.

**45.**    Denies each and every allegation contained in Paragraph 45.

**46.**    Denies each and every allegation contained in Paragraph 46.

**47.**    Denies each and every allegation contained in Paragraph 47.

**48.**    Denies each and every allegation contained in Paragraph 48.

## IX. PRAYER

**WHEREFORE**, Defendant, **JEFFREY ALTER**, prays that the Court enter Judgement in his favor and against the Plaintiff, **DIRECTV, Inc.**, and Dismiss the Plaintiff's Original Complaint with prejudice, and that the Court award the Defendant his costs and attorney's fees made necessary in defending against this action.

## AFFIRMATIVE DEFENSES

1.  **JEFFREY ALTER** affirmatively alleges that Plaintiff is estopped from pursuing its claims against **JEFFREY ALTER** for allowing the purchase of the devices described in the Complaint despite having knowledge of such purchases.

2.  **JEFFREY ALTER** affirmatively alleges that Plaintiff's claims are barred by the doctrine of laches.

3.  **JEFFREY ALTER** affirmatively alleges that Plaintiff's claims are barred by the Statute of limitations.

4.  **JEFFREY ALTER** affirmatively alleges that Plaintiff's claims are barred by the Plaintiff's failure to state a claim upon which relief may be granted.

6.  **JEFFREY ALTER** affirmatively alleges that Plaintiff's lacks standing to bring its claims.

7.  **JEFFREY ALTER** affirmatively alleges that Count V of the Plaintiff's Complaint is preempted by federal law.

8.  **JEFFREY ALTER** affirmatively alleges that the Court lacks subject matter jurisdiction over Count V of the Plaintiff's Complaint.

WHEREFORE, Defendant **JEFFREY ALTER**, respectfully requests the this Honorable Court to enter judgement in favor of **JEFFREY ALTER** and against Plaintiff, and for her costs in having to defend this action, plus such other relief as this Honorable Court deems just.


_____
**JEFFREY ALTER**, Defendant


_____
**TODD C. LYSTER**, Esq.
Attorney for Defendant, **JEFFREY ALTER**




**TODD C. LYSTER**
**Todd C. Lyster & Associates**
**221 North La Salle Street**
**Suite 1800**
**Chicago, Illinois  60601**
**(312) 855-0875**
**Attorney Code 26312**

### PROOF OF SERVICE

The Undersigned, a non-attorney, hereby certifies that a copy of the foregoing **ANSWER OF JEFFREY ALTER TO PLAINTIFF'S ORIGINAL COMPLAINT,** was served upon the attorney(s) of record listed, by [   ] FAX, [   ] hand delivery and/or [ X ] placing in the U.S. Mailbox located at 221 North La Salle Street, Chicago, Illinois 60601, properly addressed, with first class postage prepaid, on this _11_ th day of **March, 2004**.


_____

**ANNA PANCHENKO**


**Todd C. Lyster & Associates**
**221 North LaSalle Street**
**Suite #1800**
**Chicago, Illinois 60601**
**312/855-0875**
**Attorney Code 26312**