# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 675 | **DATE** | 6/22/2004 |
| **CASE TITLE** | DirecTV Inc. vs. Jeffrey Alter | | |

**MOTION:**
[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Defendant's Motion to Dismiss Counts III and V of the Complaint [#14] is hereby **granted** as to Count III and **denied** as to Count V.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

FT/*secy* — courtroom deputy's initials

2
number of notices

JUN 23 2004
date docketed

6/22/2004
date mailed notice

**Document Number**

19

U.S. DISTRICT COURT
CLERK

2004 JUN 22  AM 6:5m

Date/time received in central Clerk's Office

FT
mailing deputy initials

DIRECTV, Inc.,                          )   Case No. 04 CV 0675
                                        )
                   Plaintiff,           )
                                        )
          v.                            )
                                        )   Magistrate Judge
                                        )    Arlander Keys
                                        )
JEFFREY ALTER,                          )                          DOCKETED
                                        )
                   Defendant.           )                          JUN 2 3 2004

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant Jeffrey Alter's Motion
to Dismiss Counts III and V of Plaintiff DIRECTV, Inc.'s Complaint.
DIRECTV alleges that Mr. Alter purchased, possessed, and used a
device to decrypt and display DIRECTV's satellite programming.  In
Count III of its Complaint, DIRECTV alleges that Mr. Alter violated
18 USC § 2512 (West 2004), and in Count V, DIRECTV contends that
Mr. Alter is liable for conversions.  For the reasons set forth
below, the Court grants Mr. Alter's Motion in part, and denies the
Motion in part.

### Background Facts

DIRECTV provides direct satellite broadcast systems to close
to 11 million subscribers.  These subscribers pay monthly fees to
DIRECTV for access to approximately 225 television channels.  To
prevent nonsubscribers from accessing its programming, DIRECTV
electronically encrypts its satellite transmissions.  Subscribers

receive specialized satellite receiving equipment, including a DIRECTV Access Card, which unscrambles DIRECTV'S transmissions.

Various companies and individuals have manufactured and sold devices that function like DIRECTV's Access Card, which has enabled nonsubscribers to decrypt and view DIRECTV's programming without paying for it. It is undisputed that the manufacture, sale, and use of these devices is illegal and violates federal law. *See* 47 U.S.C. § 605 (West 2004) (The Federal Communications Act of 1934), and 18 U.S. §§ 2510-21 (West 2004). (the Electronic Communications Privacy Act). DIRECTV alleges that Mr. Alter unlawfully possessed and used one of these devices, and seeks to recover civil damages from him stemming from this conduct.

### Legal Standards

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). The Court accepts all well pleaded facts as true, and draws all reasonable inferences in favor of Plaintiff. *Jackson v. E.J. Brach Corp.,* 176 F.3d 971, 977-78 (7th Cir. 1999). Dismissal is appropriate only if Plaintiff can prove no set of facts in support of a legally cognizable claim. *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003).

## Discussion

Mr. Alter contends that, as to Counts III and V of the Complaint, DIRECTV can prove no set of facts upon which relief can be granted. Count III alleges that Mr. Alter violated criminal statute 18 U.S.C. § 2512 and that DIRECTV is entitled to a civil remedy for this criminal conduct, and Count V purports to state a claim for conversion. DIRECTV's attempts to hold individuals civilly liable under § 2512, and to state a cause of action for conversion have divided the courts in this Circuit. The Court joins its colleauges who have ruled that, while no civil cause of action lies against individuals possessing pirating devices in violation of § 2512, DIRECTV has stated a cause of action for conversion.

## A. No Civil Cause of Action Lies for Possession of Piracy Devices

In Count III of its Complaint, DIRECTV seeks to hold Mr. Alter civilly liable under 18 U.S.C. § 2512(1)(b) (West 2004) for the mere possession of a pirating device. Section 2512 is a criminal statute that prohibits the manufacture, *possession*, and assembly of interception devices. The actual *use* of these pirating products, by alleged purchasers such as Mr. Alter, is proscribed by another

criminal statute, 18 U.S.C. § 2511 (West 2004)[1].

Congress saw fit to make certain violations of these statues civilly actionable by enacting 18 U.S.C. § 2520 (West 2004). Section 2520 provides, in pertinent part, that:

> [A]ny person whose wire, oral, or electronic communication is **intercepted, disclosed, or intentionally used *in violation of this chapter*** may in a civil action recover from the person or entity, other than the United States, ***which engaged in that violation*** such relief as may be appropriate.

18 U.S.C. § 2520 (West 2004).

The question then becomes, does a civil remedy lie for each and every violation of the criminal offenses found *"in this chapter?"* or are civil remedies available only to persons whose communications are *"intercepted, disclosed, or intentionally used?"* This specific question has split the courts in this district, and Judge Filip has done an excellent job of outlining the cases and analysis on both sides of the issue in *DIRECTV, Inc. v. Dale Ostrowski, et al.*, No. 03 C 8618 (May 11, 2004) (listing relevant cases).

Courts finding that persons possessing pirating devices may be held civilly liable have reasoned that the phrase "in violation of this chapter" in § 2520 means that a civil remedy lies for any and

---

[1] DIRECTV is seeking to hold Mr. Alter liable under this statute as well, in Count II of its Complaint, and Mr. Alter has not moved to dismiss this Count of the Complaint. Of course, mere possession is easier to prove than actual use, which explains why DIRECTV is vigorously arguing that such conduct is subject to civil redress.

4

all violations of the statutes in this chapter. *See. e.g.,* *DIRECTV, Inc. V. Dillon,* NO. 03 C 8578, 2004 WL 906104, at *2) (N.D. Ill. April 27, 2004). Under this broad interpretation of Section 2520, DIRECTV would have a civil remedy against individuals found in possession of pirating devices in violation of Section 2512.

Courts finding that no civil remedy lies for mere possession of pirating devices have hung their hats on Congress' decision to list only three offenses – interception, disclosure, and use – and to include the phrase "which engaged in **that violation**." These courts interpret the "that violation" language as limiting civil redress to only the three criminal activities –ie, intercepting, disclosing, and intentionally using pirating devices – specifically listed in § 2520. *See, e.g.,* DIRECTV, Inc. v. Maraffino, No. 03-3441, 2004 WL 170306, at *3 (N.D. Ill. Jan. 23, 2004) ("As a matter of grammar and sentence structure, the phrase 'that violation' must refer to the interception, disclosure, or intentional use of a communication . . . ")

This Court is persuaded by the reasoning in those decisions holding that civil damages are not available for offenses not listed in Section 2520. *See DIRECTV,Inc. v. Dale Ostrowski, et al.,* No. 03 C 8618 (May 11, 2004). Because the Court finds that civil remedies are limited to the specific violations set forth in Section 2520 – the illegal interception, disclosure, and/or

intential use of wire , oral, or electronic communications -
DIRECTV cannot recover for the mere possession of these devices.
Therefore, the Court grants Defendant's Motion to Dismiss Count III
of the Complaint.

## B.  Plaintiff States a Cause of Action for Conversion

Count V of Plaintiff's Complaint alleges that Mr. Alter's
unlawful interception of DIRECTV's program is tantamount to common
law conversion.  To state a claim for conversion, DIRECTV must
allege the following: 1) it has a right to the property; 2) it has
an absolute, unconditional right to the immediate possession of the
property; 3) it made a demand for possession; and 4) that Mr. Alter
wrongfully and without authorization assumed control, dominion, or
ownership over the property.  *Cirrincione v. Johnson,* 703 N.E.2d
67, 70 (Ill. 1998).

Mr. Alter argues that DIRECTV cannot state a cause of action
for conversion because satellite signals are not tangible, and the
Illinois Supreme Court has ruled that only tangible property and
assets can be the subject of a conversion action.  *In re Thebus*,
483 N.E.2d 1258, 1260 (Ill. 1985).  In *Thebus*, the Illinois Supreme
Court stated that "the subject of conversion is required to be an
identifiable object of property of which the plaintiff was
wrongfully deprived."  *Id.*

Courts in this district have split on whether Illinois law,

pursuant to *Thebus*, requires tangible personal property in order for an action for conversion to lie. *Compare DIRECTV, Inc. v. Hinton*, No. 03 C 8477, 2004 WL 856555, at *4 (N.D. Ill. April 21, 2004) *with DIRECTV, Inc. v. Dillon,* No. 03 C 8578, 2004 WL 906104, at *4 (N.D. Ill. April 27, 2004). After carefully reviewing these decisions, this Court is persuaded that intangible property can be the subject of an action for conversion. *See DIRECTV, Inc. v. Dale Ostrowski, et al.,* No. 03 C 8618 (May 11, 2004).

First, Judge Kocoras carefully notes that the Illinois Supreme Court's decision in *Thebus* does not hold that an action for conversion cannot lie for intangible property. *See DIRECTV, Inc. v. Delaney,* No. 03 C 3444 (Nov. 20, 2003). Thus there is no precedent directly barring such actions under Illinois law.

Next, Illinois appellate court decisions issued after *Thebus* indicate that an action for conversion may, in fact, lie for intangible property. *See Conant v. Karris,* 520 N.E.2d 757 (Ill. App. 1987) (finding that confidential information may be the subject of conversion); *Stathis v. Geldermann, Inc.,* 692 N.E.2d 798, 807 (Ill. App. 1998) (stating that "parties may recover for conversion of intangible assets."); *Bilut v. Northwestern University,* 692 N.E.2d 1327 (Ill. App. 1998) (conversion could lie for the plagiarism of ideas in a research paper). These cases persuaded the Seventh Circuit that there is a "trend" in state courts to protect against the misuse of business information via

7

conversion. *FMC Corp. v. Capitol Cities/ABC, Inc.*, 915 F.2d 300, 305 (7th Cir. 1990) (noting that there is no reason "why there might not be conversion of intangible property.")

Finally, the Court is persuaded by Judge Filip's thoughtful analysis of this issue in *DIRECTV* v. *Dale Ostrowski*, No. 03 C 8618 (May 11, 2004), and his conclusion that neither a tangible property, nor full deprivation of the benefits of that property are required in order to state a claim for conversion. Therefore, the Court denies Mr. Alter's Motion to Dismiss Count V of Plaintiff's Complaint.

## CONCLUSION

In conclusion, the Court finds that, although no civil remedy lies for merely possessing the pirating equipment in question, DIRECTV may be able to prove a set of facts entitling it to recover for common law conversion. Therefore, Mr. Alter's Motion is Granted as to Count III of the Complaint, and Denied as to Count V of the Complaint.


DATED:   June 22, 2004        E N T E R:

ARLANDER KEYS
United States Magistrate Judge